No. 70,616-05

RECEIVED IN
COURT OF CRIMINAL APPEALS
JAN 20 2015
Abel Acosta, Clerk

No. WR-70,615-05

In the
Court of Criminal Appeals
at Austin

———————◆———————

No. 981891- B
In the 185th District Court
of Harris County, Texas

———————◆———————

Ex parte Trenton Le Troy Jackson

———————◆———————

## TRIAL COURT'S 3RD REQUEST FOR EXTENSION BY AGREED MOTION OF THE PARTIES

The 185th District Court of Harris County, Texas, with the Honorable Susan Brown, moves the Court of Criminal Appeals to grant an extension of time to comply with its October, 23 2013 order, and the subsequent extension of time granted on April 17, 2014, and would show the following:

### I.

**PROCEDURAL HISTORY**

Trenton Le Troy Jackson, the applicant, was indicted for felony murder where the underlying offense was intentionally or knowingly causing bodily injury to a child 14 years of age or younger, an offense alleged to have occurred on April 5, 2003. On April 14, 2004, the applicant was found guilty for the felony offense of murder in the 185th District Court, in cause no. 981891.

On October 6, 2005, the Fourteenth Court of Appeals affirmed the applicant's conviction and the mandate of affirmance issued on February 28, 2006. *Jackson v. State*, No. 14-04-00377-CR, 2005 WL 2455190 (Tex. App. – Houston [14th Dist.] 2005, pet. ref'd) (mem. op.' not designated for publication).

On October 23, 2013, the Court of Criminal Appeals entered an order for this Court to resolve the issues in the applicant's habeas application. *Ex parte Jackson,* No. WR-70,616-05 (Tex. Crim. App. Oct. 13, 2013)(not designated for publication).

At the request of both parties the trial court requested an initial extension of time in March 2014 and the Court of Criminal Appeals granted the extension on April 17, 2014, with Findings due to the Court of Criminal Appeals on June 30, 2014. The trial court requested and was granted a second extension of time on July 16, 2014 with Findings due to the Court of Criminal Appeals on September 30, 2014.

The trial court and the respective parties had finished their investigation and submitted the affidavits and other gathered evidence to the trial court for its review. The parties and the trial court were in the process of determining if a live evidentiary hearing was required or if the trial court could review the materials and review each side's respective Findings when a new matter came up that delayed this proceeding further.

## II.

The applicant was appointed Shawn Reagin on December 5, 2013, to represent him during the instant application for writ of habeas corpus. Ms. Reagin and the State worked diligently to resolve the factual issues raised in the application as evidenced by their acquisition of affidavits and other evidentiary materials. However, in November 2014, the trial court became aware that the applicant filed a grievance on October 21, 2014, against Ms. Reagin that alleged several allegations of misconduct that Ms. Reagin has represented to the court to be false and baseless. *See Exhibit 1.* Ms. Reagin stated that her relationship with the applicant has devolved to the point where she and the applicant no longer can communicate effectively and this has hindered her ability to adequately represent the applicant. The Court granted Ms. Reagin's motion to withdraw on December 1, 2014, and immediately appointed a new attorney, Ms. Emily Detoto, to represent the applicant in the writ.

Ms. Detoto, of course, will require additional time to familiarize herself with the case, review the trial record and the work that Ms. Reagin had done up to her withdrawal. Ms. Detoto has indicated that she will need at least 90 days to be prepared before she can make a decision as to whether or not to request a live hearing or whether each side can submit Findings based upon the already acquired affidavits. The Court does not believe that the 90 days is an unreasonable request based upon Ms. Detoto's position and her already existing docket of cases.

Accordingly, this trial court requests additional time to comply with the Court of Criminal Appeals order that Findings be submitted. Respectfully, the trial court requests that the due date for Findings to be submitted to be April 1, 2014. This trial court's request is not intended to unduly delay proceedings in the instant cause.

## III.

WHEREFORE, PREMISES CONSIDERED, this Court respectfully requests that the Court of Criminal Appeals allow until April 1, 2014, to comply with its July 16, 2014 order in the instant cause.

SIGNED this _____th day of ~~December~~ January, 2015.

_____
Susan Brown
185th District Court, Harris County, Texas

3

## CAUSE NO. 981891-B

EX PARTE )( IN THE DISTRICT COURT

)( HARRIS COUNTY, TEXAS

TRENTON LETROY JACKSON )( 185TH JUDICIAL DISTRICT

## MOTION TO WITHDRAW FROM REPRESENTATION

COMES NOW, the undersigned counsel, and moves this Court to permit her withdrawal from further representation of Applicant in the above-styled and numbered cause, and in support thereof would show the following:

I.

Counsel was appointed on December 5, 2013, to represent Applicant in proceedings related to his post-conviction application for writ of habeas corpus.

II.

On or about October 21, 2014, Counsel received notice from the State Bar of Texas that Applicant had filed a complaint against her, within which he made a series of untruthful allegations. Although the spurious statements were disputed via Counsel's response to the Client-Attorney Assistance Program, Applicant's demonstrated willingness to falsely attack his legal representative has destroyed any prospect of a productive attorney-client relationship.

III.

Counsel will provide subsequent appointed habeas counsel with a copy of Applicant's file, including all work product, and will be available to consult as necessary.



FILED
Chris Daniel
District Clerk

JAN 0 8 2015

Time:_____

Harris County, Texas

By_____

Deputy

WHEREFORE, PREMISES CONSIDERED, the Counsel prays this Honorable Court will grant her motion and permit her to withdraw from further representation of the above-named Applicant.

_____

SHAWNA L. REAGIN

1455 West Loop South, Suite 210
Houston, Texas 77027
(713) 864-6736
TBN 16634900

ATTORNEY FOR APPLICANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Withdraw was hand-delivered to the Assistant District Attorney assigned to the case on this the _____ day of November, 2014.

_____

SHAWNA L. REAGIN

## CAUSE NO. 981891-B

EX PARTE                                )(        IN THE DISTRICT COURT

                                        )(        HARRIS COUNTY, TEXAS

TRENTON LETROY JACKSON           )(        185TH JUDICIAL DISTRICT

### O R D E R

On this the _18_ day of _November_, 2014, came to be heard habeas counsel's Motion to Withdraw from Representation, and having duly considered same, this Court is of the opinion said Motion should be:

_____✓_____ GRANTED

_____ DENIED

SIGNED and ENTERED this _18_ day of _November_, 2014.

_____
JUDGE PRESIDING